[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15064
Non-Argument Calendar
_____

D.C. Docket Nos. 2:11-cv-08048-IPJ-JHE; 2:08-cr-00048-IPJ-RRA-2

LARRY DEMOND WILLIAMS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 2, 2014)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Larry Demond Williams, a federal prisoner, appeals *pro se* the dismissal of his untimely motion to vacate. 28 U.S.C. § 2255. The district court ruled that Williams was not entitled to equitable tolling of the one-year statute of limitation. We affirm.

The district court did not err by dismissing Williams's motion to vacate. A movant "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks and citation omitted). Williams argued that prison violence thwarted him from preparing his motion, but "lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate," *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004). And even if we were to assume that the purported failure of Williams's trial counsel to respond to his requests for information about his appeal was an extraordinary circumstance, the district court did not clearly err in finding that Williams failed to pursue postconviction relief with diligence. Williams did not inquire about the status of his direct appeal for more than year after it was filed, and after he learned of that decision, he waited an additional two months before filing his motion to

2

vacate. *See San Martin v. McNeil*, 633 F.3d 1257, 1270–71 (11th Cir. 2011).

Williams's motion was untimely.

    We **AFFIRM** the dismissal of Williams's motion to vacate.